[Cite as *Miner v. Miner*, 2024-Ohio-1302.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| BRANDI MINER | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J. |
| Petitioner-Appellant | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2023CA00077 |
| ALEX MINER | |
| Respondent-Appellee | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Stark County Court of Common Pleas, Family Court Division, Case No. 2022CV133 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | April 5, 2024 |
| APPEARANCES: | |


| For Petitioner-Appellant | For Respondent-Appellee |
|---|---|
| JEFFREY JAKMIDES<br>JULIE A. JAKMIDES<br>325 East Main Street<br>Alliance, Ohio 44601 | ANDREW GLANTZ<br>Glantz Law Offices<br>3722 Whipple Avenue, N.W.<br>Canton, Ohio 44718 |

*Hoffman, J.*

**{¶1}** Petitioner-appellant Brandi Miner appeals the June 22, 2023 Judgment Entry entered by the Stark County Court of Common Pleas, Family Court Division, which found respondent-appellee Alex Miner not guilty of willful contempt.

STATEMENT OF THE CASE AND FACTS

**{¶2}** On September 28, 2022, Appellant filed a pro se Petition for Domestic Violence Civil Protection Order ("DVCPO") against Appellee, who is Appellant's spouse and the father of Appellant's minor children. Therein, Appellant alleged Appellee is verbally and physically abusive towards her, and she was hospitalized in March, 2022, following one such incident. Further, Appellee was charged with child endangering in 2020, due to a 4-wheeling accident involving one of the minor children. Appellant requested an ex parte order pursuant to R.C. 3113.31, and sought protection for herself and her two minor children. The magistrate granted the ex parte order of protection on the same day and scheduled a full hearing for October 11, 2022.

**{¶3}** After the full hearing, at which Appellee failed to appear, the trial court issued a two-year DVCPO. The DVCPO identified Appellant and the two minor children as protected parties. The Stark County Sheriff's Office served Appellee with a copy of the DVCPO on October 14, 2022.

**{¶4}** The DVCPO provides, in relevant part:

9. RESPONDENT [APPELLEE] SHALL NOT REMOVE, DAMAGE, HIDE, OR DISPOSE OF ANY PROPERTY owned or possessed by the protected persons named in this Order.

October 11, Order of Protection at p. 4, unpaginated.

{¶5} On January 3, 2023, Appellant filed a motion for contempt. Therein, Appellant moved the trial court to find Appellee in contempt for removing a Can Am Outlander and other machines from the marital property, in violation of the DVCPO. The hearing on the motion originally was scheduled for January 23, 2023, but was continued multiple times, and finally conducted on June 22, 2023.

{¶6} Prior to the June 22, 2023 hearing, on May 18, 2023, Appellant filed a motion to show cause, asking the trial court to order Appellee to show cause why he should not be held in contempt for violating the DVCPO. Appellant explained, on April 22, 2023, she received phone calls from blocked and unblocked numbers, which she did not answer. Appellant then received a text message from an unknown number, stating, "Happy bday baby girl," to which Appellant responded by asking the identity of the sender. The sender texted from the same unknown number, "take care of my babies for me." Appellant believed the phone number belonged to Appellee's girlfriend. Appellant reported the incident to the Louisville Police Department on April 22, 2023.

{¶7} The trial court conducted a hearing on the motion on June 22, 2023. The following evidence was presented at the hearing.

{¶8} Whitney Harden testified she lives at 112 Liberty Street East, East Canton, Ohio, which is "right down the road" from Appellant's home, which is 123 Liberty Street East. Transcript of Proceedings at pp. 6-7. Harden stated she has a clear view of Appellant's home and garage from her residence. Sometime between 11 a.m. and noon on October 26, 2022, Harden left her residence to go visit her mother at the hospital. Harden drove through an alley between the houses, but could not pass through as Appellee had the road blocked with his truck. Harden observed Appellee removing four-

wheelers from the garage of the 123 Liberty Street East residence and loading the vehicles onto his truck. Harden later learned Appellant had reported the incident to police.

{¶9} Appellant testified she stored personal property in the garage at 123 Liberty Street East. The real property is owned by her father. Appellant stated Appellee did not have any personal property in the garage. Appellant explained two four-wheelers were stored in the garage, one a Polaris which belonged to her children who purchased it using their Covid stimulus checks, and the other a Can Am Outlander purchased by her father, but titled in her name. In late October, 2022, Appellant discovered the two four-wheelers and a derby car were missing from the garage.

{¶10} Appellant recalled, on October 29, 2022, officers from the East Canton Police Department came to the residence to take a report regarding the missing vehicles. When Harden saw the police with Appellant, she walked over and explained what she had witnessed.

{¶11} On cross-examination, Appellant acknowledged she did not reside at the 123 Liberty Street East residence. Appellant stated her understanding, pursuant to the DVCPO, Appellee was prohibited from removing, damaging, hiding, or disposing of any property, including her sole property as well as marital property. Appellant indicated her father gave her permission to store the four-wheelers and the derby car at the property.

{¶12} Appellee testified on his own behalf. He stated he and Appellant never lived together at the 123 Liberty Street East residence. Appellee explained, in April, 2022, the four-wheelers had been moved into a storage unit as the apartment the parties rented did not have a garage. The four-wheelers were later moved to the garage at 123 Liberty Street East. After being served with the DVCPO, Appellee moved the four-wheelers back

to the storage unit. He added no one ever asked him where he had taken the vehicles. Appellee indicated the four-wheelers were obtained during the marriage.

{¶13} On cross-examination, Appellee stated he believed there was no problem with him removing the four-wheelers from the garage at 123 Liberty Street East because the vehicles were "community property," purchased during the marriage. Appellee admitted Appellant's father did not give him permission to remove items from the garage, but added, "Why would he have to give me permission to take?" Tr. at p. 46. Appellee further admitted Appellant did not give him permission to remove items, asserting, "We couldn't talk so." *Id.* at p. 47. Appellant also acknowledged he did not have permission from the trial court to remove any property.

{¶14} Via Judgment Entry filed June 22, 2023, the trial court found Appellee not guilty of willful contempt. The trial court found Appellee removed a Polaris ATV and an Outlander ATV from the East Liberty Street residence, real property owned by Appellant's father. The trial court further found Appellant did not live at the property and the property was not the parties' marital residence.

{¶15} It is from this judgment entry Appellant appeals, raising the following assignment of error:

THE TRIAL COURT ERRED IN NOT FINDING RESPONDENT-APPELLEE GUILTY OF CONTEMPT ON THE UNDISPUTED FACTS; [SIC] TO WIT; [SIC] THE ITEMS OF PROPERTY WERE IN THE PETITIONER-APPELLANT'S POSSESSION AND WERE HER PROPERTY OR MARITAL PROPERTY.

I

**{¶16}** In her sole assignment of error, Appellant contents the trial court erred in failing to find Appellee in contempt.

**{¶17}** Our standard of review regarding a finding of contempt is limited to a determination of whether the trial court abused its discretion. *Sloat v. James*, 5th Dist. Stark No. 2008 CA 00048, 2009-Ohio-2849, 2009 WL 1677850, ¶ 19. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶18}** The burden of proof in a civil contempt action is proof by clear and convincing evidence. *Sloat v. James*, supra at ¶ 20. The determination of "clear and convincing evidence" is within the discretion of the trier of fact. *Id.* The trial court's decision should not be disturbed as against the manifest weight of the evidence if the decision is supported by some competent and credible evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidenced submitted before the trial court. *Geary v. Geary*, 5th Dist. Delaware, 2015-Ohio-259, 27 N.E.3d 877.

**{¶19}** In its June 22, 2023 Judgment Entry, the trial court made the following Findings of Fact:

> Evidence presented indicates that [Appellee] removed a Polaris and
>
> Outlander ATV from property located at E. Liberty, E. Canton. That property

is owned by [Appellant's] father and is not the residence of Appellant or the marital residence. The parties are currently going through divorce. No determination of martial [sic] property vs. non-marital has been made at this point.

*Id.*

**{¶20}** Based upon those findings, the trial court found Appellee was "not guilty of willful contempt." *Id.* We find the trial court's finding is not supported by some competent and credible evidence.

**{¶21}** The evidence presented at the hearing revealed Appellant stored the two four-wheelers as well as personal property in the garage at 123 Liberty Street East, property owned by her father. Although the parties presented contradictory testimony as to the nature of the four-wheelers as marital or separate property, the evidence established Appellant was in possession of the vehicles at the time Appellee removed the items from the garage. The terms of the DVCPO expressly prohibit Appellee from removing, damaging, hiding, or disposing "of any property *owned or possessed* by the protected persons named in this Order." Provision 9 of October 11, 2023 Order of Protection (Emphasis added).

**{¶22}** Additionally, the trial court found the property at which the four-wheelers were stored was neither Appellant's residence nor the marital residence. We find such finding is irrelevant to a determination of whether Appellee violated the DVCPO. The DVCPO did not limit the removal, damage, concealment, or disposal "of any property

owned or possessed by the protected persons" to property only located at the protected persons' residences or the marital residence.

{¶23} Because Appellee removed property which was in Appellant's possession, we find he was in direct violation of the DVCPO and the trial court abused its discretion in failing to find him in contempt.

{¶24} Appellant's sole assignment of error is sustained.

{¶25} The judgment of the Stark County Court of Common Pleas, Family Court Division, is reversed and the matter remanded for further proceedings consistent with this Opinion and the law.

By: Hoffman, J.
Gwin, P.J. and
Baldwin, J. concur